FILED
May 28, 2020
10:36 AM(CT)
TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT GRAY

| | | |
|---|---|---|
| TINA LEMONS, | ) | Docket Number: 2019-02-0313 |
| Employee, | ) | |
| v. | ) | |
| ELWOOD STAFFING SERVICES, | ) | State File Number: 20525-2019 |
| INC., | ) | |
| Employer, | ) | |
| And | ) | |
| ZURICH AMERICAN INSURANCE | ) | Judge Brian K. Addington |
| COMPANY, | ) | |
| Carrier. | ) | |

---

## EXPEDITED HEARING ORDER

---

Tina Lemons alleged that she injured her hand due to a job change that required her to use her hand in an awkward fashion for an entire shift. She sought medical and temporary benefits, which Elwood Staffing denied. For the reasons below, the Court holds she is not likely to prevail at a hearing on the merits regarding the cause of her injury and denies the requested benefits.

### Claim History

Ms. Lemons worked as a John Deere line worker for Elwood. She testified she worked nine hours screwing in deck covers on February 16, which was outside her normal work at the plant. She noticed pain in her hand that day and reported her injury to a John Deere representative the next day. When the pain persisted, the John Deere nurse contacted Elwood to arrange for Ms. Lemons to see a doctor. Ms. Lemons selected Dr. Bruce Berry at Industricare from a physician panel and attended the appointment, although she testified it was Elwood and not her who chose him.

On March 19, she attended an appointment with Industricare Nurse Practitioner Marsh Mantemarano. Nurse Mantemarano wrote that Ms. Lemons's injury was not considered work-related based on her history and she could return to work without restrictions. Dr. Berry noted that he reviewed and approved her recommendations. Ms.

1

Lemons testified that Nurse Mantemarano suggested that she obtain treatment with an orthopedist on her own.

After learning that Elwood denied further treatment, Ms. Lemons scheduled an exam with Dr. Billy Parsley, an orthopedic surgeon. She saw Dr. Parsley on April 26, and in his office note he wrote that "she has not had any injury that she is aware of." Dr. Parsley performed trigger release surgery on May 9.

Ms. Lemons returned to Dr. Parsley on May 26, and he wrote that he did not think she was ready to resume full activity at work and because of this he would complete her short-term disability paperwork. He further noted:

> The patient reports that she suffered injury to that finger at work and was seen at urgent care for that, prior to being referred to see me for it. With this documentation following the injury, I believe the trigger finger is likely related to her injury.

Dr. Parsley completed a return to work slip on July 1, allowing Ms. Lemons to return on July 8 without restrictions. Ms. Lemons testified she received a separation notice from Elwood stating she resigned from her position on May 8, but Ms. Lemons denied quitting.

Ms. Lemons requested temporary disability benefits for May 9 through July 8, 2019, and medical benefits with Dr. Parsley for her injury. Elwood disputed that Ms. Lemons had not rebutted the presumption of correctness allotted to Dr. Berry's opinion and, therefore, she was not entitled to benefits.

**Findings of Facts and Conclusions of Law**

Ms. Lemons must show she is likely to prevail at a hearing on the merits. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2019); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

To do so, she must present evidence that she suffered an injury "arising primarily out of and in the course and scope of employment" and "identifiable by time and place of occurrence." Tenn. Code Ann. § 50-6-102(14)(A). Ms. Lemons's case is unique, in that she alleged an injury after working one stressful shift. Since she did not suffer an obvious injury, she must present medical proof to prove the work-relatedness of her claim. *Cloyd v. Hartco Flooring Co.*, 274 S.W.3d 638, 643 (Tenn. 2008).

Although Ms. Lemons asserted that she performed repetitive motions that caused her injury, she failed to provide sufficient evidence to establish that she suffered an injury arising primarily out of and in the course and scope of her employment. The medical record adopted by Dr. Berry states that she did not suffer a work-related injury. Ms. Lemons argued that she never chose Dr. Berry, however, she signed the physician panel and attended the appointment at his office. His opinion is presumed correct on the issue of causation. Tenn. Code Ann. § 50-6-102 (12)(A)(ii).

Ms. Lemons offered Dr. Parsley's statements to counter Dr. Berry's opinion. However, Dr. Parsley did not affirmatively state that Ms. Lemons suffered an injury arising primarily out of and in the course and scope of her employment as required by Tennessee Code Annotated section 50-6-102(14)(A). Rather, he said her injury was merely "related." This single statement is insufficient to overcome the presumption given to Dr. Berry's opinion and does not reach the standard of "primarily caused" by a work injury that the Workers' Compensation Statute requires.

Considering all the evidence, the Court holds Ms. Lemons is not likely to succeed at a hearing on the merits. Her request for temporary disability and medical benefits is denied at this time.

**IT IS, THEREFORE, ORDERED** as follows:

1. Ms. Lemons's request for temporary disability and medical benefits is denied at this time.

2. This case is set for a Status Hearing on **Tuesday, July 14, 2020, at 4:00 p.m. Eastern Time**. The parties must call **855-543-5044** to participate. Failure to call might result in a determination of the issues without the party's participation.

**ENTERED May 28, 2020.**


__/S/ Brian K. Addington_____
**BRIAN K. ADDINGTON, JUDGE**
**Court of Workers' Compensation Claims**


**APPENDIX**

Exhibits:
1. Ms. Lemons's affidavit
2. First Report of Injury
3. Wage Statement
4. Choice of Physician Form
5. Notice of Controversy
6. Collective Medical records
7. Employer's collective records
8. Medical Bills (For Identification Only).

Technical Record:
1. Petition for Benefit Determination
2. Dispute Certification Notice

3

3. Show Cause Order
4. Request for Expedited Hearing
5. Response of Employer and Insurance Carrier to Request for Expedited Hearing
6. Motion to Continue Expedited Hearing
7. Order Rescheduling Expedited Hearing
8. Employers Response to Employee's Request for Expedited Hearing

## <u>CERTIFICATE OF SERVICE</u>

I certify that a copy of this Order was sent on May 28, 2020.

| Name | Certified Mail | Fax | Email | Service sent to: |
|---|---|---|---|---|
| Tina Lemons, Employee | X | | X | 7758 Asheville Highway Greeneville, TN 37743 collinstina3232@yahoo.com |
| David Deming, Employer's Attorney | | | X | ddeming@manierherod.com dstevens@manierherod.com |

/S/ Penny Shrum
_____
**PENNY SHRUM, COURT CLERK**
wc.courtclerk@tn.gov

4



<u>Expedited Hearing Order Right to Appeal</u>:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



**NOTICE OF APPEAL**
Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury: _____**

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____     ☐ Motion Order filed on _____

☐ Compensation Order filed on_____     ☐ Other Order filed on_____

issued by Judge _____.

**Statement of the Issues on Appeal**

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

**Parties**

**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**



### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name:_____     2. Address: _____

3. Telephone Number: _____     4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____     Relationship: _____

_____     Relationship: _____

_____     Relationship: _____

_____     Relationship: _____

6. I am employed by: _____

    My employer's address is: _____

    My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ per month | beginning | _____ |
| SSI | $ _____ per month | beginning | _____ |
| Retirement | $ _____ per month | beginning | _____ |
| Disability | $ _____ per month | beginning | _____ |
| Unemployment | $ _____ per month | beginning | _____ |
| Worker's Comp. | $ _____ per month | beginning | _____ |
| Other | $ _____ per month | beginning | _____ |

9. My expenses are:

Rent/House Payment $ _____ per month     Medical/Dental  $ _____ per month

Groceries          $ _____ per month     Telephone        $ _____ per month

Electricity        $ _____ per month     School Supplies $ _____ per month

Water              $ _____ per month     Clothing         $ _____ per month

Gas                $ _____ per month     Child Care       $ _____ per month

Transportation  $ _____ per month     Child Support   $ _____ per month

Car                $_____ per month

Other              $ _____ per month (describe: _____ )

10. Assets:

Automobile              $ _____        (FMV) _____

Checking/Savings Acct. $ _____

House                   $ _____        (FMV) _____

Other                   $ _____        Describe:_____

11. My debts are:

Amount Owed                     To Whom

_____            _____

_____            _____

_____            _____

_____            _____

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____
APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____
NOTARY PUBLIC

My Commission Expires:_____

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____

*[Signature of appellant or attorney for appellant]*